IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLO ANTONIO DEL CONTE,

    Plaintiff,

  v.

THE SAN FRANCISCO POLICE DEPT. et al.,

    Defendants.

No. C 06-05030 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 30, 2007:

The Court has reviewed the parties' memoranda of points and authorities, as well as relevant declarations, and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** Plaintiff's requests for leave to amend and to stay proceedings; **tentatively GRANTS** the City and County of San Francisco's motion to dismiss;

**tentatively DENIES** the defendants Torrez, Schimke, Miller and Morin's (collectively "Law Firm Defendants") motion to dismiss for lack of jurisdiction, **tentatively DENIES** the Law Firm Defendants' motion to dismiss the claim under 42 U.S.C. § 1983, and **tentatively GRANTS** the Law Firm Defendants' motion to dismiss the claims under 42 U.S.C. § 1985, the United States Constitution, the Americans with Disabilities Act and state law.

The parties shall have fifteen (15) minutes to address the following questions:

1. In the operative first amended complaint, Plaintiff alleges that defendants Torrez and Schimke induced him to sign an illegal lease. (First Amended Compl. ("FAC") at 4.) Plaintiff also alleges that the Law Firm Defendants conspired with defendant Officer Kerwitz to violate Plaintiff's civil rights by threatening, coercing and harassing him on multiple occasions, by unlawfully searcing his home, and by evicting him from his house. (First Amended Compl. ¶¶ 14, 15, at 9-10.)

    a. How does Plaintiff maintain that any of the Law Firm Defendants violated his First or Fifth Amendment rights?

    b. How does Plaintiff maintain that inducing him to sign an allegedly illegal lease violated any of his constitutional or civil rights?

2. Plaintiff alleges that defendant Officer Kerwitz illegally searched his apartment. (FAC at 9-10.) He also alleges that Kerwitz conspired with other defendants to threaten, coerce and harass him on multiple occasions, and to evict him from his house. (FAC ¶¶ 14, 15.) How does Plaintiff maintain that Kerwitz or the City and County of San Francisco violated his First or Fifth Amendment rights?

3. What facts *alleged in the complaint* indicate that the City and County of San Francisco has a policy or custom that directly led to alleged violations of Plaintiff's constitutional rights? What facts *alleged in the complaint* indicate that defendant Kerwitz had final policymaking authority with regard to San Francisco's search or eviction policies? What facts could Plaintiff allege if given leave to amend?

4. Can Plaintiff plead with evidentiary support that Defendants conspired against him because of his membership to a protected class in violation of 42 U.S.C. § 1985(3)? *See Sever v. Ala. Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (holding that under § 1985 a plaintiff must "demonstrate a deprivation of that right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action").

5. Can Plaintiff plead with evidentiary support that Defendants conspired against him because of a disability, in violation of the ADA? *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (holding that under the ADA, a plaintiff must show that he was discriminated against by the public entity, and that such discrimination was *by reason of* his disability).

6. Does Plaintiff intend to allege § 1985 or ADA claims against defendant the City and County of San Francisco?

2

7. In his opposition brief to the Law Firm Defendants' motion, Plaintiff argues that permitting defendant Millar to represent the Law Firm Defendants poses a conflict of interest. Why does a conflict exist and how does any alleged conflict affect him?

8. Do the parties have anything further to add?

Dated: March 21, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE