IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLO ANTONIO DEL CONTE,

    Plaintiff,

v.

THE SAN FRANCISCO POLICE DEPT. et al.,

    Defendants.

No. C 06-05030 JSW

**NOTICE OF SUPPLEMENTAL QUESTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING SUPPLEMENTAL QUESTION FOR THE HEARING SCHEDULED ON MARCH 30, 2007 at 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities, as well as relevant declarations, and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

1. A court may raise the issue of abstention sua sponte because abstention is a jurisdictional limitation. *See Bellotti v. Baird*, 428 U.S. 132, 143 (1976). Under the *Colorado River* doctrine, if federal and state courts have concurrent jurisdiction over a matter, the federal court may stay or dismiss its suit due to the presence of a concurrent state proceeding. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). Under *Colorado River*, a court weighs several factors to determine whether to stay or dismiss an action: (1) whether a court has assumed jurisdiction over a res, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) whether state or federal law provides the rule of decision on the merits, and (6) whether the state proceeding is adequate to protect the parties' rights. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15, 23, 26 (1983) (citing *Colorado River*, 424 U.S. at 818).

Under *Colorado River*, the Ninth Circuit requires a "substantial similarity" between the state and federal proceedings, but has noted that "exact parallelism . . . is not required." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).

On August 17, 2006, Plaintiff filed a separate action against the Law Firm Defendants in the Superior Court of California for the County of San Francisco, in which he alleges that "all defendants to this complaint conspired to deprive the tenants of their tenancy rights under the California Civil Code, by filing a malicious and retaliatory Unlawful Detainer Complaint against plaintiffs . . . ." (First Amended Compl. for Rescission ¶ 32, *Del Conte v. Torrez*, No. CGC-06-455317 (filed Aug. 17, 2007).) Plaintiff also alleges in his amended state complaint that "all defendants continued a campaign of harassment and coercion, including frequently calling of police to the area by defendants TORREZ and SCHIMKE, with the knowledge or at the instigation of defendants MORIN and MILLAR . . . ." (*Id.* ¶ 33.)

Given the facts and issues in the state rescission action and those in this case, is a stay or dismissal under *Colorado River* appropriate?

Dated: March 26, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2