IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLO ANTONIO DEL CONTE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE SAN FRANCISCO POLICE DEPT., OFFICER X KERWITZ, individually and as a member of the San Francisco Police Department, OFFICERS DOE 1 through DOE 8, being fictitious names, individually and as members of the San Francisco Police Department, SALLY MORIN, ESQ. individually and as a member of the law firm of James M. Millar, Esq., JAMES M. MILLER, ESQ., TONY TORREZ and CHAD SCHIMKE,<br><br>    Defendants. | No. C 06-05030 JSW<br><br>**ORDER STAYING THE ACTION** |

Now before the Court is the motion to dismiss by defendants Sally Morin, James M. Millar, Chad Schimke and Tony Torrez (collectively "Law Firm Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Also before the court is the motion to dismiss by defendant City and County of San Francisco ("City"), on behalf of the San Francisco Police Department and its officers, pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, plaintiff Carlo Del Conte, appearing pro se, requests in his opposition briefs leave to file a second amended complaint and a stay of this proceeding. The Court declines to decide the motions. Instead, pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), having carefully reviewed the parties' papers and considering their

arguments and the relevant authority, and good cause appearing, the Court hereby orders this action STAYED pending completion of related state court proceedings.

**BACKGROUND**

In July 2005, Del Conte rented an apartment from defendants Schimke and Torrez. (First Amended Complaint ("FAC") at 4.) In July 2006, the Superior Court of California for the County of San Francisco evicted Del Conte in an unlawful detainer action brought by Schimke and Torrez. (Order for Entry of Judgment - Unlawful Detainer, *Torrez v. De* [sic] *Conte*, No. CUD-06-618158 (filed July 28, 2006).)

After his eviction, on August 17, 2006, Del Conte sued the Law Firm Defendants in San Francisco Superior Court ("State Action"). (First Amended Complaint for Rescission, *Del Conte v. Torrez*, No. CGC-06-455317 (filed Aug. 17, 2007).) In the State Action, Del Conte alleges various causes of action under state claims, including breach of contract, intentional infliction of emotional distress and fraud. (*Id.* at 1-6.) In addition, Del Conte alleges that "all defendants to this complaint conspired to deprive the tenants of their tenancy rights under the California Civil Code, by filing a malicious and retaliatory Unlawful Detainer Complaint against plaintiffs . . . ." (*Id.* ¶ 32.) He also alleges in the State Action that "all defendants continued a campaign of harassment and coercion, including frequently calling of police to the area by defendants TORREZ and SCHIMKE, with the knowledge or at the instigation of defendants MORIN and MILLAR . . . ." (*Id.* ¶ 33.) The Law Firm Defendants filed demurrers, which were sustained in part and overruled in part, and on March 12, 2007, Del Conte filed a first amended complaint in the State Action. (Register of Actions, *Del Conte v. Torrez*, No. CGC-06-455317, http://www.sftc.org/ ("State Register of Actions").)

In addition to the State Action, on August 21, 2006, Del Conte instituted this action in federal court, naming the Law Firm Defendants, the San Francisco Police Department and an individual police officer as defendants ("Federal Action"). (Complaint ¶¶ 5, 6, 9-12.) According to his first amended complaint in the Federal Action, Del Conte alleges that the Law Firm Defendants conspired with defendant Officer Kerwitz and unnamed officers of the San Francisco Police Department to "depriv[e] plaintiff of his citizen rights and civil liberties under

1  color of law by illegal threats, coercion and harassment." (FAC ¶ 14.) In addition, Del Conte
2  alleges that defendants conspired with the San Francisco Sheriff to evict him from his
3  apartment, in violation of both his civil rights and the Americans with Disabilities Act. (*Id*. ¶
4  15.) He cites violations of "civil rights . . . protected by the California Civil Code [and] the
5  California Code of Civil Procedure." (*Id*. at 6-10.) Del Conte also alleges a conspiracy to
6  violate his First, Fourth, Fifth and Fourteenth Amendment rights, "as well as those rights
7  protected in 42 U.S.C. Sections 1983 and 1985, as well as the Americans with Disabilities Act."
8  (*Id*.) The Court will address additional specific facts as required in the analysis.

## ANALYSIS

### A.  Legal Standards Under the *Colorado River* Doctrine.

Courts may invoke *Colorado River* sua sponte. *See Atchison, Topeka and Santa Fe Ry. Co. v. Bd. of Equalization of State of Cal.*, 795 F.2d 1442, 1447 (9th Cir. 1986) (vacated on other grounds). In applying the *Colorado River* doctrine, district courts may stay or dismiss an action when there is a concurrent state proceeding involving the same matter and the existence of "exceptional circumstances." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-15 (1983). Under *Colorado River*, the Ninth Circuit requires a "substantial similarity" between the state and federal proceedings, but has noted that "exact parallelism" is not required. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).

A court weighs several factors to determine whether to stay or dismiss an action pursuant to *Colorado River*: (1) whether a court has assumed jurisdiction over a res, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) whether state or federal law provides the rule of decision on the merits, and (6) whether the state proceeding is adequate to protect the parties' rights. *Nakash*, 882 F.2d at 1415 (citing *Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 25-26). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *Nakash*, 882 F.2d at 1415 (quotations omitted).

3

Regardless of whether a federal court chooses to stay or dismiss an action, "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Moses H. Cone*, 460 U.S. at 28. However, the Ninth Circuit has held that a stay is favored over dismissal in situations where a stay "ensures that the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate." *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989) (quotations omitted).

**B.     A Stay Is Proper Under the *Colorado River* Doctrine.**

At oral argument, the Law Firm Defendants argued that a stay was proper under *Colorado River*.

In *Nakash*, individuals and their related corporate entities filed a state suit alleging state claims and a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 888 F.2d at 1412-13. Later, the individuals filed a federal suit consisting of similar – but not identical – claims. *Id.* at 1413. The Ninth Circuit held that a stay was appropriate under *Colorado River* and noted that although the Supreme Court has held that federal courts have a "virtually unflagging obligation" to exercise jurisdiction, "this somewhat overstates the law because in certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings." *Id.* at 1415 (citing *Colorado River*, 424 U.S. at 817).

The Ninth Circuit held that despite the lack of exact parallelism between the parties and actions, the actions were substantially similar because both involved disputes over the same conduct and an overlap of key parties. *Id.* at 1416-17. The court cited three relevant factors under *Colorado River*: (1) piecemeal litigation was likely to result given the state action's significant progression; (2) the presence of a federal-law issue (the RICO claim), though normally weighing in favor of federal jurisdiction, was less significant given the fact that law created concurrent jurisdiction over the issue; and (3) the state proceeding was adequate to protect the parties' rights. *Id.* at 1415-16.

In *Attwood*, plaintiff sued her employer in state court under contract and tort law for allegedly forcing her to resign. 886 F.2d at 242. When the state court rejected plaintiff's

4

United States District Court
For the Northern District of California

1   attempt to add a civil rights claim under 42 U.S.C. § 1983, plaintiff filed a related suit in federal
2   court. *Id.* The district court granted the defendant employer's motion to dismiss the federal
3   action without prejudice pursuant to *Colorado River. Id.* However, the Ninth Circuit reversed,
4   holding that a stay – but not dismissal – was appropriate because it was possible that the
5   plaintiff would not be able to bring her § 1983 claim in state court, and subsequently would be
6   barred under the statute of limitations from bringing the claim in federal court. *Id.* at 244-45.
7   The Ninth Circuit noted that "a stay ensures that the federal court will meet its unflagging duty
8   to exercise its jurisdiction, in case the state proceedings do not reach the expected resolution,"
9   and that "[a] stay may be especially appropriate in cases involving section 1983 claims." *Id.* at
10  244 (internal citations and quotations omitted).

11  Here, the State and Federal Actions are substantially similar. The State Action includes
12  breach of contract and other state claims not present in the Federal Action. (First Amended
13  Complaint for Rescission, *Del Conte v. Torrez*, No. CGC-06-455317 (filed Aug. 17, 2007).)
14  However, in both actions the Law Firm Defendants' grounds and methods for evicting Del
15  Conte, as well as their alleged conspiracy with the San Francisco Police Department are central
16  to claims in both of Del Conte's actions.

17  The two actions also involve substantially the same parties: Del Conte and the four Law
18  Firm Defendants. The only differences between the parties in the actions are that state plaintiff
19  Steven Andrew Nice did not join Del Conte in the Federal Action (*see id.*), and that Del Conte
20  added defendant Officer Kerwitz, unnamed police officers and the San Francisco Police
21  Department (the City) to the Federal Action. However, these differences do not preclude
22  application of the *Colorado River* doctrine because the doctrine requires only a "substantial
23  similarity," not exact parallelism. *See Nakash*, 882 F.2d at 1416; *see also Thiam v. Fillmore*
24  *Props., L.L.C.*, 2005 U.S. Dist. LEXIS 40410, *5 (N.D. Cal. 2005) (finding that two actions
25  involved substantially the same parties, despite the presence of additional parties in the federal
26  action).

27  Applying the *Colorado River* factors, the balance tips in favor of issuing a stay. Staying
28  the Federal Action avoids piecemeal litigation. The State Action was filed first and the San

5

Francisco Superior Court has already overruled the Law Firm Defendants' demurrers as to the causes of actions involving the unlawful detainer complaint and the alleged conspiracy to harass Del Conte. (State Register of Actions.) Although Del Conte makes claims pursuant to federal civil rights laws in the Federal Action, these claims rest on application of state eviction and tenancy laws. Finally, state court provides an adequate forum in which to hear Del Conte's civil rights claims. *See Gulf Offshore Co., Div. of Pool Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477 (1981) ("[S]tate courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary."); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) ( "[S]tate courts are as competent as federal courts to decide federal constitutional issues.") (citing *Allen v. McCurry*, 449 U.S. 90, 105 (1980)).

Accordingly, pursuant to *Nakash* and *Attwood*, and in the interest of "wise judicial administration," the Court finds that a stay pursuant to *Colorado River* is appropriate. *See Colorado River*, 424 U.S. at 817.

## CONCLUSION

For the foregoing reasons, this action is STAYED pending completion of the State Action. The Court orders the parties to submit status reports regarding all related state court proceedings every 120 days.

**IT IS SO ORDERED.**

Dated: April 16, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE