IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLO ANTONIO DEL CONTE,<br><br>           Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO POLICE DEPARTMENT, et al.,<br><br>           Defendants.<br>_____ / | No. C 06-05030 JSW<br><br>**ORDER VACATING STATUS CONFERENCE AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

This case was stayed pending disposition of a State Action based upon the same facts. After a status report indicating that the State Action had been settled and dismissed, the Court issued an order on August 10, 2009, lifting the stay and setting a status conference for September 4, 2009. The Court has received the parties' status statements and HEREBY VACATES the status conference.

The only remaining parties in the suit are Plaintiff and the City and County of San Francisco ("the City"). The Court finds the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the City is now ripe for decision. The Court finds the motion suitable for disposition without oral argument. N.D. Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS the City's motion to dismiss with leave to amend.

**BACKGROUND**

In July 2005, Carlo Antonio Del Conte rented an apartment from Schimke and Torrez. (First Amended Complaint ("FAC") at 4.) Del Conte alleges that in April 2006, Schimke and Torrez retained attorney defendants Morin and Millar ("Law Firm Defendants") to institute retaliatory eviction proceedings against Del Conte. (*Id.* at 5.) Del Conte also alleges that defendant Amy Kerwitz, a San Francisco police officer, illegally searched his apartment and threatened, coerced and publically embarrassed him. (*Id.* at 9-10.)

Del Conte filed a first amended complaint in this Court alleging civil rights violations by the City, Kerwitz and the Law Firm Defendants.[1] (*Id*. at 1.) He alleges that the Law Firm Defendants conspired with Kerwitz and unnamed officers of the San Francisco Police Department to "depriv[e] plaintiff of his citizen rights and civil liberties under color of law by illegal threats, coercion and harassment." (*Id*. ¶ 14.) In addition, Del Conte alleges that defendants conspired with the San Francisco sheriff to evict him from his apartment, in violation of both his civil rights and the Americans with Disabilities Act ("ADA"). (*Id*. ¶ 15.) He cites violations of "civil rights ... protected by the California Civil Code [and] the California Code of Civil Procedure." (*Id*. at 6-10.) Del Conte also alleges a conspiracy to violate his First, Fourth, Fifth and Fourteenth Amendment rights, "as well as those rights protected in 42 U.S.C. Sections 1983 and 1985, as well as the Americans with Disabilities Act." (*Id.*)

The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

**A.    Legal Standards on a Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if

---

[1] All defendants with the exception of the City have resolved their disputes with Del Conte and are no longer parties to this proceeding.

2

those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of [its] entitlement to relief." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (citations omitted).  In addition, the pleading must not merely allege conduct that is conceivable, but it must also be plausible. *Id.* at 1974.

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted).  "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (quotations and citations omitted).  Further, before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." *Id.* (citations omitted).

**B.     City's Motion to Dismiss.**

The City argues that Del Conte's claims pursuant to 42 U.S.C. § 1983 should be dismissed for failure to state a claim because Del Conte has not alleged any City custom, policy or practice giving rise to the allegedly illegal search and harassment to which Del Conte was subjected. (City Br. at 2.)  The City also argues that Del Conte's state claims, to the extent they were brought against the City, should be dismissed because they lack specificity.  (*Id.*)

**1.     Del Conte Fails to State a Claim Under Section 1983.**

Del Conte fails to state a cause of action under 42 U.S.C. § 1983 against the City. Section 1983 imposes liability upon any person who, acting under color of state law, deprives another of a constitutional right. 42 U.S.C. § 1983; *see also Karim-Panahi*, 839 F.2d at 624.  In *Monell v. Dept. of Social Services*, the Supreme Court held that a city may be liable under §

3

1 1983 when the allegedly unconstitutional act stems from a municipal policy, decision or
2 custom. 436 U.S. 658, 690-91 (1978). Although "municipal liability under § 1983 cannot be
3 founded on a theory of *respondeat superior*," a city can be liable for the acts of an individual
4 employee under three theories: (1) if the employee was "acting pursuant to official city policy;"
5 (2) "if an employee commits a constitutional violation pursuant to a long-standing practice or
6 custom;" or (3) if "the person causing the violation has final policymaking authority." *Webb v.*
7 *Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003).

8 Under the first and second theories, "a claim of municipal liability under section 1983 is
9 sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a
10 bare allegation that the individual officers' conduct conformed to official policy, custom, or
11 practice." *Karim-Panahi*, 839 F.2d at 624 (quotations and citations omitted). In *Karim-Panahi*,
12 a district court dismissed with prejudice a pro se plaintiff's amended complaint alleging § 1983
13 violations by the City of Los Angeles and the Los Angeles Police Department. *Id.* at 623. The
14 Ninth Circuit reversed because the complaint alleged that officers arrested the plaintiff without
15 reason and beat him; that the officers did so under color of state law; and that there existed an
16 official policy. *Id.* at 624.

17 Under the third theory, which permits municipal liability via the actions of a
18 policymaking individual, "[f]or a person to be a final policymaker, he or she must be in a
19 position of authority such that a final decision by that person may appropriately be attributed to
20 the [city]." *Lytle v. Carl*, 382 F.3d 978, 983 (9th Cir. 2004). Whether a person has "final
21 policymaking authority" is determined by state law. *Id*. at 982 (citing *Jett v. Dallas Indep. Sch.*
22 *Dist.*, 491 U.S. 701, 737 (1989)). In *Lytle*, the Ninth Circuit held that a superintendent and
23 assistant superintendent were policymakers for purposes of an employee's § 1983 claim
24 because state law granted the board of trustees responsibility over all school district policies,
25 and the board in turn delegated to the superintendents full authority over relevant employee
26 policies. 382 F.3d at 983-84. Because the superintendents were policymakers, the Ninth
27 Circuit held that their school district could be held liable. *Id.* at 981-82. The court noted that
28 "[i]t does not matter that the final policymaker may have subjected only one person to only one

4

1    unconstitutional action .... A municipality can be liable for an isolated constitutional violation
2    when the person causing the violation has final policymaking authority." *Id.* at 983 (quotations
3    and citations omitted).

4    Del Conte's amended complaint alleges that defendant Kerwitz violated his
5    constitutional rights while acting under color of state law. (FAC ¶ 6.) However, the complaint
6    does not reference any City policy or custom, which is necessary to state a claim under the first
7    or second theories stated in *Webb*. *See Webb*, 330 F.3d at 1163-64. Unlike in *Karim-Panahi*,
8    there is not even a "bare allegation" that defendant Kerwitz acted pursuant to City policy. *See*
9    *Karim-Panahi*, 839 F.2d at 624.

10   Del Conte argues in his opposition brief that the City can be sued if Kerwitz, a police
11   officer, had final policymaking authority over City policy regarding searches. (Opp. Br. at 3.)
12   However, Del Conte's amended complaint contains no such allegation. At this stage in the
13   proceeding, Del Conte must allege and have factual support for the proposition that Kerwitz had
14   final policymaking authority. Del Conte's allegation that Torrez said that Kerwitz was "very
15   anxious to come back to speak" to Del Conte does not, as Del Conte argues, indicate that
16   Kerwitz has final policy-making authority or that the City has a policy of creating hostile
17   situations for individuals such as Del Conte. (*See* FAC at 10; Opp. Br. at 4.) The allegation, if
18   true, would merely establish that Torrez had threatened Del Conte.

19   Del Conte also argues that a city's deliberate indifference to the deprivation of a
20   victim's constitutional rights establishes municipal liability under § 1983. (Opp. Br. at 4, citing
21   *Wilson v. Seiter*, 501 U.S. 294 (1991)). However, he acknowledges that the case on which he
22   relies, *Wilson*, involved an Eighth Amendment challenge to the conditions of a plaintiff's prison
23   confinement. (Opp. Br. at 4.) The *Wilson* Court held that a prison official must have a culpable
24   state of mind in order for her to be liable for inflicting cruel and unusual punishment. *Wilson*,
25   501 U.S. at 297. Nothing in *Wilson* indicates that this state-of-mind requirement is applicable
26   to Del Conte's civil rights challenges. Nor does *Wilson* indicate that a city can form a state of
27   mind or that an individual's deliberate indifference may be imputed to the individual's
28   employer. Accordingly, the City's motion to dismiss the § 1983 claim against it is GRANTED.

5

The Court grants leave to amend because, at this procedural stage, a pro se litigant must be given leave to amend unless it is absolutely clear that the deficiencies in the complaint cannot be cured. *See Karim-Panahi*, 839 F.2d at 623.

### 2. Del Conte Fails to State a Claim Under State Law.

Del Conte fails to state cognizable state claims in his amended complaint against the City. Federal Rule of Civil Procedure 8(a)(2) requires a short and "plain statement of the claim," that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley*, 355 U.S. at 47. The Ninth Circuit has held "[a]lthough a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dept. of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Del Conte alleges that "The defendants, in concert and individually, at all times relevant to these proceedings, engaged in a course of violating the civil rights of Carlo Del Conte as those rights are protected by the California Civil Code, [and] the California Code of Civil Procedure ...." (FAC ¶ 10.) This allegation is insufficient to provide the City with fair notice of the grounds upon which Del Conte's claims based on the California codes rest. *See Conley*, 355 U.S. at 47. The complaint fails to state what sections of the California Civil Code and Code of Civil Procedure were allegedly violated. Accordingly, the City's motion to dismiss the state claims is GRANTED with leave to amend, provided Del Conte can allege a cognizable claim under specific state civil rights statutes.

### 3. Del Conte Fails to State a Claim Under Section 1985.

Del Conte fails to state a claim under § 1985(3) because he did not allege any discriminatory intent. Section 1985(3) was enacted to protect individuals from conspiracies to deprive them of legally protected rights. *Sever v. Ala. Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Unlike § 1983, claims pursuant to § 1985 typically do not require an act under color of state law. *Id.* at 1536 n.4.

1    In order to plead a cause of action under § 1985, "a plaintiff must allege and prove four
2 elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any
3 person or class of persons of the equal protection of the laws, or of equal privileges and
4 immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a
5 person is either injured in his person or property or deprived of any right or privilege of a
6 citizen of the United States." *Id.* at 1536 (citing *United Brotherhood of Carpenters and Joiners*
7 *of Am. v. Scott*, 463 U.S. 825, 828-29 (1983)). Under the second element, a plaintiff must (a)
8 identify a legally protected right, and (b) "demonstrate a deprivation of that right motivated by
9 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the
10 conspirators' action.'" *Sever*, 978 F.2d at 1536 (quoting *Griffith v. Breckenridge*, 403 U.S. 88,
11 102 (1971)).

12    In his amended complaint, Del Conte makes no allegations that any legally protected
13 rights were affected because of his race, or because of his membership to a class of individuals
14 "the courts have designated ... a suspect or quasi-suspect classification requiring more exacting
15 scrutiny or that Congress has indicated through legislation ... require[] special protection."
16 *Sever*, 978 F.2d at 1536 (quotations and citations omitted). Thus, the City's motion to dismiss
17 the § 1985(3) claim against it is GRANTED with leave to amend only in the event that Del
18 Conte can allege, with factual support for the proposition, that the City was engaged in a
19 conspiracy to deprive him of a legally protected right because of his membership in a protected
20 class.

21    **4.    Del Conte Fails to State a Claim Under the Americans with Disabilities Act.**

22    Del Conte makes similar claims under § 1985(3) and the ADA against the City.
23 Title II of the ADA provides that "no qualified individual with a disability shall, by reason of
24 such disability, be excluded from participation in or be denied the benefits of the services,
25 programs, or activities of a public entity, or be subjected to discrimination by any such entity."
26 42 U.S.C. § 12132. In order to state a claim under the ADA, a plaintiff must make a prima facie
27 showing that: (1) he is an individual with a disability; (2) he is otherwise qualified to participate
28 in or receive the benefit of some public entity's services, programs, or activities; (3) he was

7

either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) *such exclusion, denial of benefits, or discrimination was by reason of his disability.*" *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (emphasis added) (quotations and citations omitted).

In his amended complaint, Del Conte establishes the first requirement for stating a claim under the ADA: he states that he is HIV positive, a disability under the ADA. (FAC ¶ 4.) *See McGary*, 386 F.3d at 1265 (holding that an individual with AIDS stated a claim under Title II of the ADA). Del Conte also alleges a conspiracy to evict him from his apartment in violation of the ADA. (FAC ¶ 15.) However, Del Conte fails to allege what exclusion, denial of benefits or discrimination was a result of his disability. Accordingly, the City's motion to dismiss the ADA claim against it is GRANTED with leave to amend in the event that Del Conte can allege, with factual support for the proposition, a claim under the ADA.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the City's motion to dismiss with leave to amend. Del Conte shall file an amended complaint in compliance with this Order by no later than September 14, 2009. The City shall have twenty days thereafter to file its responsive pleading. If Del Conte fails to file an amended complaint by September 14, 2009, the Court will dismiss this action with prejudice.

**IT IS SO ORDERED.**

Dated: September 1, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CARLO ANTONIO DEL CONTE,

        Plaintiff,

 v.

SF POLICE DEPT et al,

        Defendant.
                               /

Case Number: CV06-05030 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 1, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlo Antonio Del Conte
2811 Creekside Drive
San Leandro, CA 94578

Dated: September 1, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk